Gammill v. Johnson.

2. Fencing Track: Cattle-guards.

3. Right of Way: Damages.

Reversed and remanded for further proceedings not inconsistent with this opinion.

## GAMMILL v. JOHNSON.

FRAUD: *False representations; Relief against.*

Equity will not relieve a party from the consequences of his own inattention and carelessness in relying upon the representations of another, instead of his own· judgment, when the means of information are open to both parties alike ; but when the representation is of a fact that has nothing to do with opinion, and is peculiarly within the knowledge of the person making it, the other has the right to rely on it, though the means of ascertaining its falsity were fully open to him. It does not lie in the mouth of the declarant to say it was his folly to believe it.

APPEAL from *Lincoln* Circuit Court in Chancery.
Hon. JOHN A. WILLIAMS, Circuit Judge.

*J. M. Cunningham, Jr.*, for Appellant.

Every allegation of fraud must show some injury. It must appear that the fraud and damage sustain to each other the relation of cause and effect, or that the one resulted directly from the other. *Bigelow on Fraud, 451; 5 Vroom, 296.*

It is a principle too well settled to admit of controversy, that a misrepresentation, to constitute a fraud, relievable in equity must be made in regard to some matter constituting a motive or inducement to the act of the other, by which he is misled to his injury; and it must be of something in which the party deceived places a known trust and confidence in the other, and not equally open to both parties for examination and inquiry. *Story's Eq., 197, 205; Smith v. Richards, 3 Pet., 36; Bispham's Eq., 207; Dugan v. Cureton, 1 Ark., 41; Hughes v. Sloan, 8 Ark., 146; Yeates v. Pryor, 11 Ark., 58; Hepburn v. Dunlop, 1 Wheat., 89; 2 Wheaton, 178; 2 Kent Com., 4 ed., pp. 484–5.*

To rescind a contract it is necessary for the complainant to establish, first, the representation and its falsity; second, that he relied upon such representation and was deceived thereby; and third, that it was material to the subject matter of the contract. *Masterton v. Beers, 1 Sweeney, 406; Bispham's Eq., 206; 9 Ind., 488; 38 Ala., 637.*

That a misrepresentation or a misunderstanding of the law will not vitiate a contract, when there is no misunderstanding of the facts is well settled. *Upton v. Tribblecock, 91 U. S., 45; Platt v. Scott, 6 Blackf., 389; Russell v. Branham, 8 Blackf., 277; 33 Ill., 238; 5 Hill, 303; Bisp. Eq., 212; Kerr on Fraud, 90; Law Rep., 7 Exch. Div., 75; Bigelow on Fraud, 70; 27 Cal., 655; 2 Pars. on Cont., 6 ed., pp. 793, 939 note b.*

Gammill v. Johnson.

The burden was on appellee to establish the truth of her allegations, and show fraud and deceit. *Bigelow on Fraud, 493 –4; 100 Mass., 448; 15 Gray, 171; 99 Mass., 79.*

*D. H. Rousseau* for Appellee.

The evidence in this case shows a clear case of fraud, misrepresentation and injury. *1 Story Eq. Jur., par. 120, 121, 122, 207, 211.*

While courts do not afford relief where one makes a mistake of law, where agreements are fairly entered into, and there is no fraud or misrepresentation, but where there has been undue confidence, or where one party obtains an unconscionable advantage over the other, or where one party makes use of false representations, or where his conduct is such that the other party is not on terms of equality, it is a mixed question of law and fact, and courts of equity will relieve. *Story Eq., par. 120; 2 Swanst., 352; 2 Jac. & Walker, 192, 205; Mosely, 364; 3 Swanst., 400.*

The doctrine that parties who deal with each other at arms length, when both have equal opportunities to examine and use their judgment is not applicable here, for the representations were of matters peculiarly within the appellant's ancestor's knowledge. When a single word is dropped which tends to mislead, the rule is different. *22 Pick., 52; 2 Wheat., 178; 2 Bibb, 12; Ib., 47; 1 Story Eq., par. 192; 1 Brown Chy., 546; 6 Vesey, 173; 1 Strobh., 220.*

COCKRILL, C. J. In 1862, Thomas Johnson died intestate, being at the time seized in fee of the tract of land which gives rise to this litigation, leaving him surviving, his widow, Rebecca Johnson, and the appellee, his only child, then an infant. Rebecca Johnson, his widow, and the mother of the appellee,

21——47

in the year 1869, conveyed the land to one J. D. Brown in con-
sideration of $150.

In 1881 Brown mortgaged the premises to R. G. Atkinson
& Co., and the mortgage was, in the same year, assigned to the
appellant's ancestor, (L. C. Gammill), and default having been
made in the condition of the mortgage, he, in 1883, prepared
to foreclose, and then for the first time ascertained that the
appellee had title to the land.   Upon ascertaining this fact, and
fearing that Brown might seek to take advantage of it, Gammill
proceeded to the state of Texas, where the appellee then re-
sided, and obtained a quit claim deed from her to the land.   To
set aside and cancel this deed for fraud, the appellee brought
her suit in the circuit court of Lincoln county in chancery,
making Brown a co-defendant with Gammill.   No relief was
sought or had against Brown, and he did not appear to the
suit.   The decree finds that Gammill obtained the conveyance
through fraud, and directs its cancellation.   Gammill appealed,
and his death having been suggested, his heirs are prosecuting
the appeal.

It appears, from a preponderance of testimony, that when
Gammill visited Miss Johnson at her home in Texas to procure
the deed, he falsely represented himself as the owner of the land
by conveyance from Brown, and appealed to her to confirm her
mother's act in selling the land, assuring her it had always been
considered, and that he was now advised by counsel, that she
had no title to the land, but saying that as matters stood his
title might be doubted by a would-be-purchaser when he should
desire to sell.   Brown's wife was Miss Johnson's cousin; the
two families had been intimate and her mother had enjoyed the
proceeds of the unauthorized sale.

From these considerations, she expressed a ready willingness
to confirm the sale made by her mother and to perfect the Brown
title without consideration, and accordingly executed the deed
Gammill had already prepared for the occasion.   She was not

altogether ignorant of her title, and her intention in executing the deed was, not to confer a bounty upon Gammill, but to perform what she conceived to be an act of justice to Brown, and this determination was brought about by Gammill's statement that he stood in Brown's shoes, or was at least the innocent purchaser of Brown's rights.

Gammill knew that his statement as to the ownership of Brown's rights, whatever they might be, was false. It is apparent that it was believed to be true by Miss Johnson, that it was made with the design of effecting a conveyance of the land and was in fact the main inducement to the accomplishment of that end. ⁄ These are the elements that control courts in declaring a misrepresentation a fraud for which a contract may be rescinded. *2 Pomeroy's Eq.*, sec. *876; Fitzhugh v. Davis, 46 Ark., 337.*

But it is argued that Miss Johnson had the opportunity to inform herself of the falsity of the statement, from the fact that she testifies that when Gammill informed her that he was the owner of the land, he held in his hand a paper which he averred was his deed of conveyance from Brown and wife.

It is true, that when the means of information are open to both parties alike, so that with ordinary prudence and vigilance each may be informed of the facts and rely upon his own judgment in regard to the thing to be performed or the subject matter of the contract, if either fails to avail himself of his opportunities he will not be heard to say he has been deceived. A court of equity will not undertake to relieve a party from the consequences of his own inattention and carelessness. *Yeates v. Pryor, 11 Ark., 66.* But when the representation is made of a fact that has nothing to do with opinion, and is peculiarly within the knowledge of the person making it, the one receiving it has the absolute right to rely upon its truthfulness, though the means of ascertaining its falsity were fully open to him. It does not lie in the mouth of declarant to say it was folly in the

1. FRAUD:— False representation.

other party to believe him.    *2 Pom. Eq., sec. 895; Mead v. Bunn, 32 N. Y., 275; David v. Park, 103 Mass., 501; Kiefer v. Rogers, 19 Minn.; 32; Matlock v. Todd, 19 Ind., 130; Keller v. Equitable Fire Ins. Co., 28 Ib., 170; Reynell v. Sprye, 8 Hare (32 Eng. Ch. R.), 222.*

The appellee was not guilty of negligence in believing Gammill's statement as to his title.

Affirm.