## WILMAN v. MIZER.

### Opinion delivered February 23, 1895.

*Sale—Counter-claim—Fraud.*

In a suit to recover the balance due on a written contract of sale of the apples in an orchard, "consisting of about 1200 trees for the sum of $1100," an answer, by way of counter-claim, alleging that defendant had no experience in estimating the number of bushels of apples in an orchard before they were gathered, and had notified plaintiff that he would rely upon his judgment, and that plaintiff falsely and fraudulently represented that there were 1200 trees in the orchard bearing as many as 2200 bushels of apples, when in fact there were 800 trees bearing only 880 bushels, and that by means of such fraudulent representations defendant was induced to purchase the apples, is good on demurrer.

Appeal from Benton Circuit Court.

EDWARD S. McDANIEL, Judge.

STATEMENT BY THE COURT.

This is a suit by appellee to recover of appellant the sum of five hundred and sixty-eight dollars, on a certain written contract of sale, whereby appellant agreed to purchase of appellee "the apples in his orchard, consisting of about twelve hundred trees, for the sum of eleven hundred dollars." The contract provided for barreling by the appellant, and gathering and hauling by appellee, under the directions of appellant. The complaint sets up the contract, alleges compliance on part of appellee and a failure upon the part of appellant to pay the balance of $568, for which judgment is asked.

The appellant filed what he denominated his "answer and counter-claim" as follows: "He admits that he entered into the written contract with plaintiff set forth in the complaint, and that he has paid to the plaintiff, for apples delivered under said contract, $531.40, and refused to pay more. At the time said contract was made the defendant, who resides at St. Joseph, in the State of Missouri, was engaged in buying apples in Benton county, Arkansas, for shipping purposes. He was unacquainted with the bearing capacity of plaintiff's orchard, or other orchards, had no experience in estimating the number of bushels of apples in an orchard or on an apple tree before the same were gathered, and did not purchase the apples in plaintiff's orchard upon his (defendant's) knowledge or opinion as to the number of bushels therein. The price which defendant agreed to pay for said apples was 50 cents per bushel, and the consideration of $1100 named in said contract was arrived at on a basis of 2200 bushels of apples, supposed by defendant to be in said orchard on

the trees ungathered at the time. The premises on
which said orchard was situated had been owned and
occupied by plaintiff for a great many years. He had
raised, gathered and sold many crops of apples from said
orchard; professed to know, and did know, the number
of trees therein of different varieties; was familiar with
the bearing capacity of the orchard; and was able, by
an inspection and examination of the orchard and a
comparison with previous years, to closely approxi-
mate the number of bushels of apples in the orchard.
The defendant, on the other hand, being unable, by
reason of his lack of experience and unfamiliarity with
said orchard, to make an estimate approaching accuracy
as to the number of bushels of apples therein, so informed
the plaintiff before said contract was made, and further
informed the plaintiff that he should rely upon the plain-
tiff's knowledge, judgment and honor as to the number
of bushels in the orchard. Thereupon the plaintiff,
knowing that defendant was relying upon his (plaintiff's)
judgment and honor, and professing to be able to esti-
mate approximately the number of bushels of apples in
said orchard, falsely and recklessly, and with the intent
to use the confidence thus reposed in him to his own
advantage and to cheat and defraud the defendant, rep-
resented and stated to the defendant, to induce him to
purchase said apples, and agree to pay therefor said sum
of $1100, that he (plaintiff) believed there were three
thousand bushels of shipping apples in said orchard, and
that he knew, and could safely say, there were as many
as 2200 bushels therein, and that there were 500 bearing
Ben Davis apple trees in said orchard, 375 Winesap, and
350 other varieties, or a total of about 1200; the plaintiff
at the time knowing that such representations were
false, or at least not knowing or believing them to be
true. The defendant believed and relied upon these
statements of the plaintiff, and was thereby induced to

purchase said apples in said orchard, and agree to pay therefor said sum of $1100. In truth and in fact there were only 325 Ben Davis bearing apple trees in said orchard, 255 Winesap and 225 other varieties, or a total of about 800 trees, and only 880¾ bushels of apples in said orchard, 770¼ of which were shipping apples and 110½ culls, worth at the price agreed upon, $440.37½. The defendant was damaged by the fraud aforesaid of the plaintiff the difference between the contract price $1100, and the sum said apples were actually worth, that is $440.37½, which would be $659.62½. The defendant paid the plaintiff said sum of $531.40 before defendant had discovered the extent of the deficiency in said crop of apples, and has thus paid him $81.02½ more than plaintiff was justly entitled to. Wherefore the defendant prays that plaintiff take nothing by his suit, and that the allegations of defendant's answer be taken and considered as a counter-claim against the plaintiff for said sum of $81.02½ on his counter-claim, and [for] judgment for his costs in this suit, and for all other proper relief."

The cause was heard upon a demurrer which was as follows : (1). That the answer admitted the execution of the written contract, and attempted to evade it by setting up an entirely different parol contract entered into prior to the written contract, and sought to prove by parol conditions and stipulations not set forth in the written contract, and which were contrary to its terms. (2). The facts set forth in the complaint are not sufficient in law to constitute a cause of damage. The court sustained the demurrer, and the defendant below refused to amend or plead further, but saved his exceptions, and appealed.

*J. A. Rice* and *L. H. McGill* for appellant.

1. The court erred in sustaining the demurrer. There is nothing in the first ground of demurrer. No at-

tempt was made to contradict or vary the written contract; the allegations were simply explanatory. The counter-claim was based on false representations inducing the contract, and this was a test outside of the contract and provable by parol. 38 Ark. 334. The false representations were material—they were made knowingly, and with intent to defraud, and appellant relied on them. Bigelow on Fraud, 522, has been disapproved by later and better authorities, and it is now generally held that a man may rely upon a positive representation of fact, and need not make any further inquiry, although the means of knowledge are open to him. Bigelow, Fraud, 523–528; Kerr on Fraud, 80–81; 100 Mo. 397; S. C. 18 Am. St. Rep. 549 and notes; 38 Ark. 334; 8 Am. & Eng. Enc. Law, 811. These representations were not merely matters of opinion. If a representation is untrue in fact, the party who makes it as his own knowledge, not knowing whether it be true or false, is guilty of fraud as much as if he knew it to be untrue. He acts to *his own knowledge* falsely, and the law imputes a fraudulent intent. 30 Ark. 535; 38 *id.* 334; 5 Am. & Eng. Enc. Law, 320; 8 *id.* 800–801; Bigel. Fraud, 509; 18 Am. St. Rep. 559 and notes. The representations in this case were not mere "puffing" or "dealer's talk." 38 Ark. 334; 50 Ark. 422.

2. The right to *recoup* is plain. 30 Ark. 535; 47 *id.* 148.

·*E. P. Watson* for appellee.

1. The answer clearly attempted to set up a parol contract, varying and contradicting the written one. This cannot be done. 16 Ark. 511; 29 *id.* 544; 30 *id.* 186; Benj. Sales, sec. 621, note M; 1 Rice on Ev., pp. 286-287.

2. Mizer only gave his *opinion* as to the crop at the time the contract was made. The contract does not

stipulate for the number of bushels or quality. It simply says all the apples in the orchard. A false assertion by a vendor merely as to the value of property or amount of future income, where there is neither a warranty as to value, nor misrepresentation of any fact respecting the property, which is not mere matter of opinion, forms no ground of relief. A naked assertion as to the present or future value of property does not imply knowledge, but must be necessarily understood as mere matter of opinion. 61 Paige, Ch. 256. Vicissitudes of seasons must be taken into account. Courts take judicial knowledge of crops and seasons. 14 Ark. 286; 35 *id.* 169; 31 *id.* 557; 83 Ala. 440; 51 Cal. 429. If appellant was not satisfied with his own observation, he should have required a warranty that there were 2200 bushels. 38 Ark. 334–344–5.

Wood, J., (after stating the facts). The answer was good as a counter-claim. It stated a cause of action growing out of the fraudulent representations of appellee with reference to matters of fact peculiarly within his knowledge. The appellant alleges his own ignorance and inexperience in computing the number of bushels of apples in an orchard or on an apple tree, and that of this he expressly informed appellee and that he should rely upon his (appellee's) "knowledge, judgment and honor." He alleges that appellee professed to know, and did know, approximately, the number of bushels of apples in the orchard, and appellee stated that he "believed there were three thousand bushels," and he "knew and could safely say there were as many as twenty-two hundred bushels;" that there were five hundred bearing Ben Davis apple trees, three hundred and seventy-five Winesap, and three hundred and fifty other varieties, or a total of about twelve hundred trees; that these representations were false, and that the appellee knew that

such representations were false, or at least made them
not knowing or believing them to be true. The answer
further alleges that these statements induced the sale.

These statements were clearly within the rule an-
nounced by this court in *Gammill* v. *Johnson*, 47 Ark.
335, where it is said: "But when the representation is
made of a fact that has nothing to do with opinion, and
is peculiarly within the knowledge of the person making
it, the one receiving it has the absolute right to rely
upon its truthfulness, though the means of ascertaining
its falsity were fully open to him. It does not lie in the
mouth of declarant to say it was folly in the other party
to believe him." And also in *Hanger* v. *Evins*, 38 Ark.
334, where it is said: "But false representations must
not only mislead, but must have been made *fraudulently*
and with that intent." The person making them "is
liable if he knew them to be false, or, knowing nothing
about them, asserted them to be true." *Beebe* v. *Knapp*,
28 Mich. 55. See, also, 1 Bigelow on Frauds, 53 *et seq*,
80, 81; *Cottrill* v. *Krum*, 100 Mo. 397, S. C.; 18 Am. St.
Rep. 549; Benj. on Sales (Bennett), 449; *Litchfield* v.
*Hutchinson*, 117 Mass. 195; *Chatham Furniture Co.* v.
*Moffatt*, 147 Mass. 404.

So much of the appellant's answer as stated that
"the price which defendant agreed to pay for said apples
was fifty cents per bushel" was demurrable, as tending
to vary the written terms of the contract which specified
that appellee had sold "his apples in his orchard consist-
ing of twelve hundred trees for eleven hundred dollars."
Proof to sustain this allegation, if it were disconnected
with a charge of deceit and fraud, would be clearly inad-
missible. But when it is alleged that a false number of
bushels was stated as above, with the intent to deceive
and induce the purchase, and which were relied upon,
and did induce the purchase, then such representations
become a tort *dehors* the contract, but growing out of

transactions which led to its consummation, and parol proof may be admitted to establish it. *Hanger* v. *Evins,* 38 Ark. 341.

The second paragraph of the demurrer was general, and applied to matters set up in the answer as a counterclaim. It should have been overruled. Reversed, with directions to overrule the demurrer.