MUTUAL AID UNION v. WHEDBEE.

Opinion delivered May 25, 1925.

INSURANCE—CONCLUSIVENESS OF SETTLEMENT.—Where defendant
company's adjuster had represented that the company was not
liable on a benefit certificate and offered a small settlement,
but plaintiff did not accept it until he had made a full independ-
ent investigation, the settlement was binding, though plaintiff
thereby surrendered rights which the law would have sustained.

Appeal from Sebastian Circuit Court, Greenwood
District; *John E. Tatum*, Judge; reversed.

*J. V. Walker* and *Duty & Duty*, for appellant.
*Kincannon & Kincannon*, for appellee.

HUMPHREYS, J.   Appellee instituted this suit against
appellant in the circuit court of Sebastian County, Green-
wood District, to recover an alleged balance of $854.91
on an insurance certificate issued by appellant to Mrs.
Mary Cotton, in which the appellee was named as the
beneficiary.

A number of defenses were interposed to the suit,
one of which was an alleged settlement and release of
the claim.

Appellee filed an answer denying that he compro-
mised and settled the claim, in which it was stated that, if
he executed a release, it was induced by fraud and mis-
representations of appellant's agent.

At the conclusion of the testimony, appellant moved
for an instructed verdict, which the court refused to give,
over its objection and exception.  On the contrary, he
submitted the cause to the jury upon the pleadings, tes-
timony, and declarations of law that he regarded applica-
ble to the facts in the case, resulting in a verdict and
consequent judgment in favor of appellee, from which is
this appeal.

The undisputed facts relative to the issue of a set-
tlement of the claim are, in substance, as follows:   After
the death of the insured and proof thereof, which was
made for appellee by H. L. Holbrook, cashier of the
Huntington State Bank, W. A. Mundell, agent and

adjuster of appellant, called on Mr. Holbrook and convinced him that appellee could not recover on the certificate of insurance because he (appellee) was not related to the insured by consanguinity.  He had the case of *Home Mutual Benefit Association* v. *Keller*, reported in 148 Ark. at page 361, with him, and interpreted it to mean that, if an insured should take out an insurance policy on the life of his son-in-law, it would be a wagering contract and void, whereas the opinion was to the effect that a son-in-law had no insurable interest in a father-in-law by reason of the relationship.  The Huntington State Bank had loaned appellee $200 on the policy with which to bring his mother-in-law back from Tennessee, where she had died, for burial.  Mundell said that appellant would pay the premiums with 6 per cent. interest back to appellee if he would accept same in full settlement of the claim.  They thereupon went to see appellee, and Mundell stated to him that they were not liable upon the policy under the ruling made by the Supreme Court in the Keller case.  He then proposed a settlement with appellee on the basis which he had suggested to Holbrook. Appellee became abusive to Mundell, and angrily declined the offer.  Holbrook had no connection whatever with appellant.  He was appellee's friend and banker.  Appellee and Holbrook discussed the matter on several occasions, and Holbrook, by and with the consent of appellee, sought the advice of the bank's attorneys.  The attorneys advised that appellee could not recover, whereupon appellee requested Holbrook to write to Mundell that he would accept a return of the premiums and interest, amounting to $145.09, in full settlement of the claim. This information was conveyed to Mundell about two months after his unpleasant interview with appellee. Appellant paid the amount, and received a written release of the claim.

It will be observed that, according to the undisputed facts thus detailed, appellee refused to rely upon the representations made by Mundell, but made an independ-

ent investigation and was governed by the results thereof in making the settlement. This record reflects that the parties settled the disputed claim, each relying upon his own judgment, after ample opportunity on the part of appellee to acquire a knowledge of every fact bearing upon the question of the claim. Having made an investigation to his entire satisfaction, he will not be heard to say that he was deceived. It is immaterial, under these circumstances, whether he surrendered rights that the law, if applied to, would have sustained. *Mason* v. *Wilson,* 43 Ark. 172; *Gammill* v. *Johnson,* 47 Ark. 335; *Willingham* v. *Jordan,* 75 Ark. 266; *Fender* v. *Helterbrandt,* 101 Ark. 335; *Hennessy* v. *Baker,* 137 U. S. 78.

The trial court should have instructed a verdict for appellant on the undisputed facts, and, on account of his refusal to do so, the judgment is reversed, and the cause is dismissed.