PROGRESSIVE LIFE INSURANCE COMPANY *v.* SHOPE.

4-3864

Opinion delivered May 13, 1935.

*Duty & Duty,* for appellant.

*J. R. Long* and *Cooper B. Land,* for appellees.

HUMPHREYS, J. This suit was brought by appellees, beneficiaries on reinsurance policy No. 107-1246, issued and delivered by appellant to Mary L. Shope on the ............day of............................, 1927, providing for the payment of $1,000 to said beneficiaries upon her death. It was alleged that she died on the 5th day of May, 1933, and that written proof of her death was duly made to appellant; that said beneficiaries executed a power of attorney to their father, A. D. Shope, for the sole and only purpose of receiving the face value of said policy in the amount of $1,000 and executing a release for said amount to appellant; that their father was induced by the adjuster and agent and employees of appellant to accept, without the knowledge of appellees, twenty per centum (20%) of the face value of said policy No. 107-1246, or approximately $200, claiming and representing that said policy had not fully matured, and that he would have to settle under the terms of the old application, and not under the terms as shown in the face of the policy.

The prayer of the complaint was for $800, the unpaid balance of the face of the policy.

Appellant filed an answer denying any additional liability under the terms of the policy or that false representations were made by it to induce the settlement.

The cause was submitted to a jury upon the pleadings and testimony adduced by the respective parties, which resulted in a verdict and consequent judgment against appellant for $800, a penalty of twelve per centum and costs, from which is this appeal.

According to the undisputed evidence, appellant reinsured the members of the Home Protective Association of Muskogee, Oklahoma, a mutual assessment association operating on an inadequate rate not based upon any recognized table of mortality. Under the contract of reinsurance, approved by the insurance commissioners of both Oklahoma and Arkansas, appellant assumed such liability or obligation as existed between the members of the Home Protective Association of Muskogee and said association. An application for membership by Mrs. Mary L. Shope was made and certificate issued to her by the Home Protective Association of Muskogee, Oklahoma, on the 24th day of October, 1919. It was provided by the by-laws and certificate of membership issued to her that the benefits payable at the time of her death should be no greater than the amount collected from one assessment of the members of the circle or group to which she belonged. Her certificate number was 1246 in chapter No. 107. The assessment or yield collected from her chapter the month immediately before her death was $150.96. The power of attorney executed by appellees to their father, A. D. Shope, was general and contained no restrictions or limitations. The certificate or policy sued upon had been in the possession of Mrs. Mary L. Shope for years, and after her death was in the possession of appellees and their father. Their construction thereof was that it had matured and that they were entitled to $1,000 under its provisions. The agent of appellant who represented it in the settlement took the position that the amount due thereunder was the sum collected from her circle members the month just preceding the death of Mary L. Shope. A. D. Shope took the position that the policy had matured and that the beneficiaries were entitled to $1,000. Some conversation was had between them with reference to getting an attorney to advise A. D. Shope concerning his rights, and the agent of appellant

told him that, in order to reach a settlement, he would add an attorney's fee of $50 to the amount which had been collected from the circle and pay him $200 for a release. A. D. Shope stated that he did not think it would be satisfactory to the beneficiaries to settle on that basis, but he took it upon himself to do so and accepted the check for $200 in full settlement of the claim and executed a written release of any claim the beneficiaries might have against appellant. He cashed the check, and nothing further was heard about the matter until this suit was instituted. A. D. Shope testified that he was not willing to say that the representations made by the agent were false, but that, in discussing the matter with the agent, he came to the conclusion that, under the terms of the original certificate which he at the time thought was the policy, the agent was perhaps right in his construction of the contract. He also testified that when the power of attorney was given to him, he was advised by the beneficiaries that the policy had matured, and that they were entitled to $1,000 in liquidation thereof. This court held in *Mutual Aid Union* v. *Hollandsworth,* 171 Ark. 86, 284 S. W. 529, and in *Mutual Aid Union* v. *Whedbee,* 168 Ark. 1017, 272 S. W. 355, that: "In an action on a benefit certificate of insurance, where plaintiff had executed a release in settlement for the death claim, the burden is on him to show that such release was invalid." We are unable to say, in the light of the character of the testimony of A. D. Shope, that the representations made to him by the agent of appellant were false as to whether the policy had matured and the extent of the amount due thereunder, and that such representations were known to be false by said agent, and that they were relied and acted upon by A. D. Shope, and that any damage was suffered by the beneficiaries by reason of such representation. The beneficiaries were in possession of the policy, and so was their father, after the death of their mother, and had full opportunity to make any investigation they chose to make before making the settlement, and they and their representative cannot be heard after the settlement to say that they were deceived and induced to make the settlement on the false repre-

sentations made by the agent of appellant. To say the least, this was a disputed claim, and the compromise and settlement of a disputed claim will not be disturbed for any ordinary mistake either of law or fact in the absence of conduct otherwise inequitable. *Fender* v. *Helterbrandt,* 101 Ark. 335, 142 S. W. 184. Under the evidence in this case, the parties to the settlement held no relation of trust or confidence to each other and dealt upon terms of equality, and they each had an opportunity to investigate and rely upon his own judgment in regard to the subject-matter of the settlement, and we think, under the undisputed testimony, the trial court should have given a peremptory instruction for appellant, and, having failed to do so, the judgment is reversed, and appellees' complaint is dismissed.