## GRAHAM *v.* THOMPSON.

Decided January 9, 1892.

1. *Estoppel—Ignorance—Matter of record.*

False representations relied upon by one ignorant of the truth will create an estoppel, though their falsity could have been ascertained from the record, of which he had constructive notice.

2. *Estoppel—Representation—Title.*

One who induces another to credit a third person by representing him to be the owner of certain property will be estopped, as to the creditor, to deny such ownership.

APPEAL from *St. Francis* Circuit Court in Chancery.

MATTHEW T. SANDERS, Judge.

The contest in this case was between execution creditors and a grantee of Mrs. Jennie C. Hickey. A plantation had been conveyed to Mrs. Hickey by her father, N. F. Cheairs, the deed reciting the payment of the purchase money. Relying upon the representations of Cheairs that he had given Mrs. Hickey the land, the appellees, Thompson & Hatcher, who were merchants, extended credit to Mrs. Hickey in her farming operations. She executed certain notes to them in settlement of her account. Subsequently she re-conveyed the land to her father, the deed reciting as consideration the unpaid purchase money of the land. Thereupon Thompson & Hatcher sued Mrs. Hickey, obtained judgment and procured an execution to be levied upon the land. After the execution had been levied Cheairs sold the land to W. S. Graham, and executed to him an obligation, independent of the deed of conveyance, agreeing to hold him harmless from the execution and claims of Thompson & Hatcher against the land. Thereupon Graham obtained an injunction to restrain the sheriff from selling the land to satisfy the judgment of Thompson & Hatcher. To the complaint an answer was filed, and also a cross-bill, on the part of Thompson & Hatcher, setting up their judgment, the conveyance of the land by Cheairs to Mrs. Hickey by deed reciting the payment of the purchase money in full, the conduct and representations of Cheairs to Thompson & Hatcher concerning the gift of the land to his daughter, and charging that he was estopped to take the land in payment of his alleged debt for its purchase.

The court found that Graham was estopped to deny the right of Thompson & Hatcher to enforce their execution, and decreed accordingly. Graham has appealed.

*W. G. Weatherford* for appellant.

1. The vendor, though he conveyed in fee reciting payment of purchase money, had an equitable lien for unpaid purchase money, not only against the purchaser, but against vendees with notice. 29 Ark., 363; 18 *id.,* 142; 21 *id.,* 202.

A purchaser at execution sale takes subject to trust. 30 Ark., 249.

2. The facts in this case do not constitute an estoppel. 2 Herm. on Estop. & Res. Adj., pp. 1090, 1073 and cases; 93 U. S., 326, and cases cited.

*N. W. Norton* and *Sanders & Watkins* for appellees.

This is a clear case of estoppel. 7 Wheat., 51; 21 Ark., 205; 2 Pom., Eq. Jur., sec. 686; Warvelle on Vendors, vol. 2, p. 712; 80 Ill., 79.

HEMINGWAY, J. If the conveyance from Mrs. Hickey to Cheairs was without consideration, it was fraudulent as to her prior creditors and void. It is therefore necessary for Graham, whose rights in this case depend upon that deed, to show that it was executed for a valuable consideration; and if he fails therein, his right to relief likewise fails. The evidence shows that it was executed in satisfaction of a debt from Mrs. Hickey to Cheairs for the purchase of the land, and that there was no other consideration therefor. The appellees contend, and the court held, that Cheairs and those claiming under him were estopped to set up such consideration, and upon the correctness of that ruling this appeal depends. The matter relied upon as an estoppel was, we think, proved by a preponderance of the evidence; and the question is, whether it was sufficient in law to constitute an estoppel. It was in substance as follows: Before the debt with appellees was contracted by Mrs. Hickey, Cheairs stated to the appellees that he had given the land in controversy to her, and that she would live in the community and perhaps desire assistance in the way of supplies, and that any accommodation shown her would be appreciated by him. The appellees believed that the land was a gift from Cheairs to Mrs. Hickey, and upon the credit thereof made the advances out of which their debt grew. When recommending Mrs. Hickey for credit, Cheairs did not say in so many words that she owed him nothing for the land; but he did say that he had given it to her, and this negatived .

the existence of a debt for it. So that when he induced the appellees to credit her, he in effect said that she owed him nothing for the land; and when they seek to collect their debt, he alleges that he had sold it, and that the purchase money was unpaid. The question is, will he be heard to say this?

The principle is broadly stated that a person who inten- tionally induces another to act on his representations will be estopped from denying their truth, wherever this would oc- casion wrong or injustice to him who acted upon such re- liance. 2 Herman, Est., sec. 788.

1. Estoppel as to matter of record.

But it is contended that this principle does not apply in this case because the land records of the county, of which the appellees had constructive notice, disclosed the fact that the land had been sold, not given, to Mrs. Hickey, and the appellees were guilty of laches in not examining the records; and also because the appellees did not, by crediting Mrs. Hickey without taking some specific lien on the land, place themselves in a position to avail themselves of an estoppel.

One who claims the benefit of an estoppel on account of representations made must show that he was ignorant of the truth and acted in reliance upon the false representations. But to defeat the estoppel on that ground actual and not constructive knowledge is necessary. The very representa- tions relied upon may have caused the party to desist from inquiry and neglect his means of information, and it does not rest with him who made them to say that their falsity might have been ascertained, and it was wrong to credit them. To this principal many authorities might be cited. *Gammill* v. *Johnson*, 47 Ark., 335; Bigelow on Est, p. 627; *Dodge* v. *Pope*, 93 Ind., 480; *David* v. *Park*, 103 Mass., 501; *Holland* v. *Anderson*, 38 Mo., 55; *Evans* v. *Forstall*, 58 Miss., 30; *Kiefer* v. *Rogers*, 19 Minn., 32.

Estoppel on account of representations as to title is gen- erally set up by parties who have become purchasers in re- liance thereon; but we see no reason why the same princi- ple should not protect creditors who have given credit upon

2. Estoppel by representa- tion as to title.

-the ownership of the property as disclosed by such repre-
sentations. Upon this point we find but few authorities,
but those found sustain this application of the principle;
and we think it results from the reason and origin ·of the
·rule. Bigelow on Est., 586–7; *Trenton Banking Co.* v.
·*Duncan*, 86 N. Y., 221.

As Cheairs stated that the conveyance was a gift, in order
·to induce a credit, he should not be heard to say that it was
a sale, in order to defeat its collection. As Graham
purchased · with notice, he is in no better attitude than
·Cheairs.

Affirm.