ROZELL *v.* CHICAGO MILL & LUMBER COMPANY.

Opinion delivered October 7, 1905.

1. AFTER-ACQUIRED TITLE—EFFECT.—Where a grantor of land belonging to the State subsequently purchased it from the State, and paid for it, and received certificates of entry which entitled him to a patent when the State's title should be confirmed, he acquired an equitable title which inured to the benefit of his grantee, under Kirby's Digest, § 734. (Page 527.)

2. PATENT—CANCELLATION—FRAUD OR MISTAKE.—Where, through mistake or fraud, the legal title to land was patented by the State to another, the holder of the equitable title had a right to go into equity and have the patent set aside and the title vested in himself, as against any one except a *bona fide* purchaser for value. (Page 527.)

3. COMPLAINT—NEGATION OF MATTER OF DEFENSE.—A complaint seeking to cancel a deed from a fraudulent grantee of real estate need not deny that defendants were *bona fide* purchasers for value, as that is matter of defense. (Page 527.)

4. LACHES—DELAY.—A complant seeking to cancel a deed to wild and unoccupied lands is not open to demurrer merely on account of delay in bringing the action, if it did not appear that the rights of defendants were prejudiced thereby. (Page 528.)

5. RECORD OF DEED—NOTICE.—The record of a deed of which neither the granter nor the grantee appears in the recorded chain of title is not notice to a subsequent purchaser of any right or interest of such grantee in the land which it describes. (Page 528.)

6. PATENT—PRESUMPTION OF REGULARITY.—One who purchases land from a patentee of the State is entitled to rely upon the presumption that the State's officers issued the patent to the person entitled to receive it. (Page 528.)

Appeal from Mississippi Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Reversed.

STATEMENT BY THE COURT.

This is an action by the children and the grandchildren of Ashley B. Rozell to quiet the title of two sections of wild and unoccupied lands in Mississippi County, Arkansas, which they claim as the heirs of the said Rozell. The complaint alleges that Rozell purchased this land fom Jeptha Fowlkes on the 14th day of February, 1855, and received from him a warranty deed for the same. This deed was recorded in Mississippi County on February 25,

1855, and again recorded on April 4, 1868. Fowlkes purchased the land from the State, and paid for same, and on April 22, 1856, obtained certificates of purchase from the State. Fowlkes died in 1863, and in 1870 Sarah Fowlkes, as executrix of his estate, and the devisees under his will filed an affidavit in the land office of the State, showing the purchase of said land by Fowlkes, and stating that the original certificates of entry had been lost, and that they were entitled to duplicate certificates. Thereupon duplicate certificates were issued to them. Afterwards Sarah Fowlkes and the devisees assigned the certificates to one William H. Chatfield, trustee. On the first of October, 1883, Chatfield delivered the duplicate certificates to the State, and received a patent from the State, conveying the land to him as trustee. Afterwards A. H. Chatfield was appointed trustee in lieu of W. H. Chatfield, and he, as such trustee, conveyed the land to George T. Updegraff, and he conveyed it to the Chicago Mill & Lumber Company.

Afterwards L. D. Rozell and others brought this action in equity against the Chicago Mill & Lumber Company and others to set aside the patent and deeds under which defendants hold, and to have the title vested in them. The complaint set up the facts referred to, and alleged further that the obtaining of the duplicate certificates and the assignment thereof by Chatfield was a fraud upon the rights of the plaintiffs, and that the plaintiffs in equity are the owners of the land, and that the deeds upon which defendant claim should be set aside, and the title vested in the plaintiffs.

The defendant appeared, and filed a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against defendant, and that there was no equity in it. The court sustained the demurrer, and dismissed the action for want of equity. Plaintiffs appealed.

*S. S. Semmes,* for appellants.

Fowlkes's after-acquired title inured to the benefit of Ashley B. Rozell. Kirby's Dig., § 734; 5 Ark. 693; 14 Ark. 465; 15 Ark. 73; 18 Ark. 469; 27 Ark. 163. The allegations are not sufficient to set up the after-acquired title of Fowlkes. 20 Ark. 337; 26 Ark. 54; 44 Ark. 452; 49 Ark. 87; 55 Ark. 286. The doctrine of laches does not apply. 70 Ark. 261; 18 Am. & Eng. Enc. Law, 124.

*Lamb & Gautney* and *N. W. Norton,* for appellees.

Chatfield is not charged with notice of Mrs. Fowlkes's fraud. 148 U. S. 31; 120 Mo. 498; 69 Ark. 95. The registration of the deed to Rozell in 1855 was not constructive notice to Chatfield. Wade, Notice, § § 205-212; 29 Am. & Eng. Enc. Law, 595; 52 Pa. St. 359; 10 Mo. 34; 20 Wis. 523; 2 Pom. Eq. § 658; 14 Mass. 296; Rawle, Cov. of Tit. 428; 73 Mo. 289; 90 Ill. 302; 16 Mass. 418. Appellants are guilty of laches. 71 Fed. 19; 11 Wall. 107; 101 U. S. 135; 149 U. S. 231; 136 U. S. 286; 27 Mich. 306; 124 U. S. 182.

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment sustaining a demurrer to a complaint and dismissing the action for want of equity. The facts stated in the complaint are set out in the statement of facts, and show, among other things, that in the year 1855 one Jeptha Fowlkes sold certain land to the ancestor of plaintiffs. At that time the land belonged to the State, and Fowlkes had no right to it. But in 1856 he purchased it from the State, and paid for it, and received certificates of entry, which entitled him to a patent when the title of the State to the land was confirmed by the United States. By this purchase from the State Fowlkes acquired an equitable estate in the land, which inured to the benefit of his grantee, Rozell, under the statute which provides that when one conveys land by deed purporting to convey a fee simple estate, and does not own the land at the time, but afterwards acquires the title, such after-acquired title, whether legal or equitable, passes at once to his grantee. Kirby's Digest, § 734.

Afterwards when, through mistake or fraud, the legal title was conveyed by the State to Chatfield, Rozell had a right to go into a court of equity and have this patent set aside, and the title vested in him, as against any one except a *bona fide* purchaser for value. *Coleman* v. *Hill,* 44 Ark. 452; *Chowning* v. *Stanfield,* 49 Ark. 87.

The complaint of the heirs of Rozell in our opinion makes out a clear case for relief against all except *bona fide* purchasers and other claimants of the land who have acquired rights through the laches of the plaintiffs. But there is nothing in the complaint to show that these defendants are *bona*

*fide* purchasers for value. The complaint, it is true, does not allege that they had notice,· but this court has held that a party claiming protection as a *bona fide* purchaser or mortgagee from the fraudulent grantee of real estate must deny· notice of the fraud, although notice thereof is not charged in the plaintiffs' bill. *Miller* v. *Fraley,.* 21 Ark. 22. The failure of the complaint to allege notice in a case of this kind does not make the complaint bad, for the burden is on the defendants to show that they were *bona fide* purchasers for value.

Nor can we say from the complaint alone that the circumstances are such that the court should refuse plaintiff relief on account of their delay in bringing the action. If the land is wild and unoccupied, and the delay has not prejudiced the rights of the defendants, they have no reason to object on that ground.

We agree with the contention of the defendants that the record of the deed from Fowlkes ·to Rozell was not notice to the defendants who purchased from Chatfield. And probably the same thing may be said of Chatfield's purchase of the certificate of entry. The deed from Fowlkes to Rozell was not in the line of defendants' title, and they were not required to look for it. *Turman* v. *Sanford,* 69 Ark. 95. In the absence of any actual notice, or anything to put them upon inquiry, they could safely rely upon the presumption that the officers of the State did their duty and issued the patent ·to the person entitled to receive it. *Boynton* v. *Haggart,* 120 Fed. 819; *United States* v. *California & Oregon Land Co.,* 148 U. S. 31.

But, as before stated, we are not able to say from the complaint alone that they did not have notice of this Rozell title. If they had notice, defendants were not *bona fide* purchasers. If they were *bona fide* purchasers, they can set that up as a defense, and also any other facts that would show it to be inequitable to grant the relief prayed for. On the whole case, we are of the opinion that the complaint states a cause of action, and that the demurrer should have been overruled. For this reason the judgment is reversed, and the cause remanded, with an order to overrule the demurrer, with leave for defendants to file an answer.