STEWART *v.* FLEMING.

Opinion delivered November 7, 1910.

1. FRAUD—WHEN GOOD DEFENSE.—An answer which alleges that defendant was induced to sign the contract sued upon by false representations of plaintiff's attorney to the effect that the written contract contained the same terms as a former one on the same subject sets up a good defense.   (Page 373.)

2. ESTOPPEL—FAILURE TO READ INSTRUCTION.—Where a lessee was induced to sign a lease by fraudulent representations of the lessor's agent as to its contents, his omission to read it will not estop him from setting up such misrepresentation in an action upon the contract.   (Page 374.)

3. ESTOPPEL BY CONDUCT—EFFECT OF MISTAKE.—One who was induced, by fraudulent misrepresentation, to sign a contract to pay all assessments upon property leased by him will not be estopped to deny his liability therefor by reason of having paid one installment thereof if such payment was made by mistake or oversight.   (Page 376.)

4. PLEADING—INDEFINITENESS.—Indefiniteness in a pleading should be reached by a motion to make it more definite.   (Page 376.)

5. FRAUD—WHEN DEFENSE AT LAW.—In a suit upon a contract an answer alleging that the contract was procured by fraud sets up a defense available at law, and there was no error in refusing to transfer the case to equity.   (Page 376.)

Appeal from Lafayette Circuit Court; *Jacob M. Carter,* Judge; reversed in part.

*Powell & Taylor,* for appellant.

The court erred in refusing to transfer the cause to equity, in striking out paragraphs five and six of the answer, and that part of paragraphs seven and eight relating to the payment of levee taxes for the year 1906.   Kirby's Digest, § 6098.

*Henry Moore* and *Henry Moore, Jr.,* for appellee.

The court properly refused to transfer to equity, and properly struck out paragraphs five and six, and that part of seven

and eight relating to payment of levee taxes.   31 Ark. 170; 30 Ark. 686; 26 Ark. 28; 19 Ark. 522; 11 Ark. 58; 27 Ark. 244; 84 Ark. 349, and cases cited.

McCULLOCH, C. J.   Plaintiff, Fannie R. Fleming, owned certain farm lands in Lafayette County, and on October 25, 1904, she entered into a written contract with defendant, Alex Stewart, leasing said lands to him for a term of seven years, commencing on the 1st day of January, 1906, the substance of said written contract being as follows:     .

1.   That said lessee, in consideration of said lease, obligates himself that he would, during the entire term of said lease, keep all taxes and legal assessments on or against said lands promptly paid as the same should come.

2.   That he would, at his own expense, keep all the necessary fences, levees, buildings and other improvements upon said lands, and for the protection and convenience thereof and of the tenants who would occupy the same.

3.   That, if said lessee deemed it necessary for the protection of said lands, he would, at his own expense, have a survey made and the boundaries thereof clearly marked and defined.

4.   That, in addition to the above obligations on the part of said lessee, he would, during the continuance of said lease, pay to the lessor as an additional annual rent for said interest in said lands the sum of $1,000 on or by November 1, of each and every year during the term of said lease, with interest thereon after the maturity of said payments at the rate of 8 per cent. until paid.

The writing was executed in duplicate, a copy thereof being retained by each party.   Subsequent to the date of said contract, the General Assembly of 1905 passed an act creating the Long Prairie Levee District, which embraced a portion of the lands in question, and special assessments were levied upon the lands for the construction and maintenance of the levee.

Plaintiff instituted this action in the circuit court of Lafayette County against defendant in April, 1909, to recover the amount of the rent for the year 1908, $1,000, which remained unpaid, and also to recover the sum of $292.68 for

levee taxes for the year 1907, and $474.62 for levee taxes for the year 1908, which defendant had refused to pay.

Defendant filed his answer, in which he denied that he had ever agreed to pay the levee taxes on the land; that at the time he entered into the lease contract with plaintiff he was then cultivating the land under a former written contract with her, expiring December 31, 1905, under which he was paying rent in the sum of $800 per annum, and paying the taxes assessed against the land during the period of the lease, and at his own expense keeping the premises in repair, which contract, it is alleged, contained substantially the same conditions and stipulations as those agreed upon in the last contract; that the last contract was intended as a continuation of the former lease, except as to the additional two hundred dollars per annum to be paid as rent, but that the plaintiff's agent prepared and presented to defendant for execution the last contract and represented to him that it contained the same provisions and stipulations as the former contract, except as to the amount of rent; that the former contract did not contain the words, "any legal assessments on or against said lands;" that said agent of plaintiff is an experienced lawyer, whereas defendant is inexperienced in such matters, and that in signing the contract he relied upon the representations of such agent. He admitted that he had paid the levee assessments of 1906, but that the same was done by mistake, and he seeks to recover same back. The answer contained a prayer that the cause be transferred to the chancery court, etc.

The court, on motion of plaintiff, struck out the foregoing allegations and prayer, and to each ruling defendant excepted. This ruling of the court left defendant without any defense, but a trial was had before the court sitting as a jury upon the allegations of the complaint, and judgment was rendered in favor of plaintiff for the amount claimed. Defendant appeals. There is no controversy as to the amount of the rent for the year 1908, or that it has not been paid; so that part of the judgment, for $1,000 rent and interest, will be affirmed.

The answer alleged, in substance, that the defendant was induced to sign the contract by false representations of plaintiff's attorney and agent to the effect that the written contract contained the same terms as the former one except as to the

amount of rent, which had been agreed upon, and that he relied upon said representations. This, we think, constituted a good defense to the suit for the recovery of the levee taxes, and the court erred in striking it from the answer. There was a very material difference between the two contracts with respect to the payment of taxes, in that the last contract—the one now sued on—in addition to the agreement on the part of defendant to keep all taxes on the land paid, added the words "and legal assessments." The difference was a material one, for, under the language of the former contract specifying only "taxes," it could not have been within the contemplation of the parties that special assessments for levee purposes were to be included when no levee district had been organized at the time of the execution of the contract. *Sanders* v. *Brown,* 65 Ark. 498. The alleged false representations were, then, material, and were made concerning the contents of the written contract. It is further alleged that defendant relied on same, and was induced thereby to sign the contract. It is true that the answer does not specifically state that the defendant did not read the contract, but that is clearly inferred from the language of the whole allegation; and, in the absence of a motion to make the allegation more specific, it should have been so treated by the court. These allegations, if proved, would constitute a good defense against the recovery of the levee taxes. *Gammill* v. *Johnson,* 47 Ark. 335; *Graham* v. *Thompson,* 55 Ark. 296; *Mason* v. *Thornton,* 74 Ark. 46; *Scott* v. *Moore,* 89 Ark. 321.

It is insisted by learned counsel for plaintiff that the allegations of the answer do not present a good defense, for the reason that the defendant had an opportunity to read the contract, and can not be heard to say that he did not know what it contained. They cite in support of that contention the decision of this court in *Colonial & U. S. Mortg. Co.* v. *Jeter,* 71 Ark. 185. In that case, however, there was no allegation or proof that the signing of the contract was induced by any false representation as to its contents. From Judge BATTLE's opinion in that case it clearly appears that no such representation was made, for the opinion states: "It (the testimony) did not show that any one misrepresented to him its contents,

but it does show that the contract was sent to him by mail, to be returned in like manner when he executed it; and that he had the opportunity to examine it at his leisure, and as thoroughly as he wished. He took it home with him, and kept it there three or four days. He then took it to his lawyer, and consulted him about it, and then signed it and the notes, and returned them by mail. He can read and write, and was without a reasonable excuse for failing to read and understand them."

In *Gammill* v. *Johnson, supra,* Chief Justice COCKRILL, speaking for the court, said: "It is true that when the means of information are open to both parties alike, so that with ordinary prudence and vigilance each may be informed of the facts and rely upon his own judgment in regard to the thing to be performed or the subject-matter of the contract, if either fails to avail himself of his opportunities, he will not be heard to say he has been deceived. * * * But when the representation is made of a fact that has nothing to do with opinion, and is peculiarly within the knowledge of the person making it, the one receiving it has the absolute right to rely upon its truthfulness, though the means of ascertaining its falsity were fully open to him. It does not lie in the mouth of the declarant to say it was folly in the other party to believe him."

In *Graham* v. *Thompson, supra,* the court said: "The very representations relied upon may have caused the party to desist from inquiry and neglect his means of information, and it does not rest with him who made them to say that their falsity might have been ascertained, and it was wrong to credit them."

So, in the present case, if the allegations of the answer are true, it does not lie in the mouth of plaintiff to say that the defendant had no right to rely upon the representation that the contract contained the same terms as the former lease. Defendant alleges that he relied on the statement. If that is true, it caused him not to read the contract, and he is not estopped, under those circumstances, to plead his ignorance.

Our attention is called to the case of *Remmel* v. *Griffin,* 81 Ark. 269, in support of the contention that it was the duty of the defendant to read the contract within a reasonable time.

In that case, however, there had been no misrepresentation as to the contents of the insurance policy, though there had been as to the application upon which it was based. The policy was issued by the company and sent to the assured by mail, and he kept it without examination for an unreasonable length of time. This, the court held, was an acceptance of it. The court said: "It was his duty to examine the policy in a reasonable time after he received it, that is, in such a time as he could have done so, and if he rejected it to so inform the insurance company or its agent; and, failing to do so, he is deemed to have accepted it, and is liable upon his note. After such acceptance he can not avoid the payment of his note on the ground that he did not read the policy, unless he was induced by the insurance company, or its agent, not to do so."

The allegation in the defendant's answer that there was a false representation as to the contents of the writing clearly distinguishes this case from the one just referred to.

Nor is defendant estopped to take advantage of the alleged false representation by the fact of his having paid the levee taxes for one year if, as alleged in the answer, this was done by mistake and oversight. The allegations of the answer in this respect are not sufficiently definite and certain, but should have been met by a motion to make more definite.

There was no error in refusing to transfer the case to equity, for the defense set up in the answer could as well be made at law. But defendant was entitled to a hearing upon these allegations, and the court erred in striking them from the answer. For this error the judgment is reversed as to the claim for taxes, and the cause remanded for new trial.