EXCHANGE NATIONAL BANK *v.* BARRON.

Opinion delivered February 10, 1930.

*Chas. A. Walls,* for appellant.

*Trimble, Trimble & McCrary, G. E. Morris* and *J. W. Barron,* for appellee.

KIRBY, J., (after stating the facts). Appellants insist that the court erred in decreeing a reformation of the guaranty contract, which it contends was clear and free from ambiguities and a continuing guaranty binding each of the signers to the payment of the sum of $7,000 in accordance with its terms.

Appellees seek no construction of the contract and attempt. no explanation of its meaning varying from its terms or contradictory thereof by the production by parol testimony, but only a reformation of it in accordance with the agreement of the parties. In *Phoenix Assur. Co.* v. *Boyette,* 77 Ark. 41, 90 S. W. 284, the court said:

"Whatever be the effect of a mistake, pure and simple, there is no doubt that equitable relief, affirmative or defensive, will be granted when the ignorance or misapprehension of a party concerning the legal effect of the transaction in which he engages, or concerning his own legal rights which are to be affected, is induced, procured, aided, or accomplished by inequitable conduct of the other parties. It is not necessary that such inequitable conduct should be intentionally misleading, much less that it should be actual fraud; it is enough that the misconception of the law was the result of, or even aided or accompanied by, incorrect or misleading statements or acts of the other party." See also *Stewart* v. *Fleming,* 96 Ark. 371, 131 Ark. 955; *Graham* v. *Thompson,* 55 Ark. 296, 18 S. W. 58; *Conn. Fire Ins. Co.* v. *Wiggington,* 134 Ark. 152, 203 S. W. 844; *Adcox* v. *James,* 168 Ark. 842, 271 S. W. 980; *Galloway* v. *Russ,* 175 Ark. 659, 300 S. W. 390; *Nicholson* v. *Hayes,* 166 Ark. 112, 265 S. W. 640; see also *Griswold* v. *Hazzard,* 141 U. S. 260, 11 S. Ct. 972, 31 L. ed. 378; *Philipine Sugar Estate Development Co., Ltd.,* v. *Gov't of Philipine Island,* 274 U. S. 385, 38 Sup. Ct. 513, 62 L. ed. 513.

In *Nicholson* v. *Hayes, supra,* the rule is laid down as follows:

"The rule in this State is that, to justify a reformation of a written instrument, there must have been a mutual mistake on the part of one party coupled with the fraud on the part of the other, and that, if parol evidence is relied upon to establish the ground of reformation, it must be clear, unequivocal and decisive. *Welch* v. *Welch,* 132 Ark. 227, 200 S. W. 139, and *Cain* v. *Collier,* 135 Ark. 293, 205 S. W. 651."

Appellees showed the circumstances and explained their reason for not reading the guaranty when presented for their signature because of the assurance of their kinsman, in whom they had the utmost confidence, that it expressed the agreement as already made between them, and, being lulled into security in such belief, were not barred from relief by any negligence in failing to carefully read the instrument. *St. Louis, I. M. & S. Ry. Co.* v. *McConnell,* 110 Ark. 306, 161 S. W. 496. See also *Stewart* v. *Fleming, supra.*

Laches cannot be imputed to appellees for not sooner moving to reform the contract of guaranty since they had no knowledge or information that it had not been drawn in accordance with their understanding of the agreement, in which Mr. Lloyd England, who presented it for their signatures, appeared to concur, as shown by his letters relative thereto, until the Exchange National Bank presented its claim for probate under said guaranty against the estate of one of the guarantors in September, 1927. This suit was instituted in October thereafter. *Rozelle* v. *Chicago Mill & Lumber Co.,* 76 Ark. 525, 89 S. W. 469; 23 R. C. L. 516.

The finding of the chancellor is not against the preponderance of the testimony, which established the ground relied on for reformation of the guaranty, in accordance with the rule requiring it to be established by clear, unequivocal and decisive evidence.

It follows that the judgment of the court is correct, and it will be affirmed. It is so ordered.