**William W. POLESON, Plaintiff–Appellant,**

v.

**Lee R. WILLS, as the Personal Representative of the Estate of Darrell D. Thomas, deceased, Defendant–Appellee.**

No. 99CA0066.

Colorado Court of Appeals, Div. III.

March 2, 2000.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S.1999

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, Colorado, for Plaintiff–Appellant.

Wills and Adams, LLP, Derry Beach Adams, Colorado Springs, Colorado, for Defendant–Appellee.

Opinion by Judge NEY.

Plaintiff, William W. Poleson, appeals from the judgment of the trial court dismissing his legal malpractice claim against the defendant, Lee R. Wills, as the Personal Repre-

sentative of the Estate of Darrell D. Thomas, deceased. We affirm.

In 1990, Thomas, an attorney, represented Poleson in negotiating and drafting a promissory note payable to Hydro–Triad, Ltd. (HTL). The note was secured by a second deed of trust encumbering certain water rights owned by Poleson. In January 1996, HTL wrote to Thomas requesting Poleson's payment of the note with interest by March 15, 1996. On March 1, 1996, Poleson wrote directly to HTL stating that, under the terms of the note, he was not personally liable for payment, although he recognized that HTL had the right to foreclose on its deed of trust or to accept a deed in lieu of foreclosure.

On April 8, 1996, Thomas died. Approximately a year later, on March 7, 1997, HTL brought an action against Poleson, seeking a personal judgment for the sums due under the promissory note. Alternatively, if the court determined that Poleson was not liable to pay the note, HTL requested that the court enter a declaratory judgment that Poleson would be personally liable under the terms of the note for any deficiency if a foreclosure sale yielded less than the amount of the note.

In response, on March 12, 1997, then-current counsel for Poleson wrote to counsel for HTL informing him that Poleson would be filing a motion for judgment on the pleadings based upon his belief that the note was unambiguous and did not provide for personal liability. Furthermore, counsel stated Poleson's position that: (1) Thomas had a duty to draft a note that provided for no personal liability; (2) if the note did not meet that standard, Thomas was negligent; and (3) because Thomas had died, any claim against him would be against his estate. Finally, counsel stated that Poleson would secure separately named co-counsel whose primary obligation would be to pursue the negligence claim against Thomas—perhaps in a third-party action within HTL's current suit.

Without filing a third-party complaint, Poleson's separately named co-counsel filed a motion for summary judgment, arguing that the note was a non-recourse debt and that, accordingly, HTL's only remedy was to foreclose on the water rights. The trial court determined that the note was not ambiguous and entered judgment in favor of Poleson. The court did not address HTL's request for a declaratory judgment concerning the meaning of certain note provisions in the event that Poleson was not personally liable for the amount of the note.

HTL appealed the judgment of the trial court, contending that the court erred in determining that the note was not ambiguous and, also, in failing to address the question posed in the request for declaratory judgment. A division of this court affirmed the trial court's determination that the promissory note was not ambiguous, but further determined that the note's unambiguous language provided for personal liability on the part of Poleson under certain circumstances, including a foreclosure sale. *Hydro–Triad, Ltd. v. Poleson*, (Colo.App. No. 97CA1058, July 2, 1998) (not selected for official publication).

On July 7, 1998, Poleson filed his legal malpractice claim against the defendant (estate), alleging that Thomas was negligent in preparing the promissory note, and seeking a judgment to compensate him for damages incurred as a result of that negligence. The estate moved to dismiss Poleson's suit for lack of subject matter jurisdiction under the nonclaim statute of the Colorado Probate Code. Section 15–12–803, C.R.S.1999.

The trial court found that Poleson knew, or should have known, of the existence of his claim prior to the decedent's death or, without doubt, at the time of his counsel's March 1997 letter concerning a potential action against the estate based upon Thomas' negligence. In consequence, the trial court concluded that the claim was not timely and, thus, barred by the nonclaim statute. The trial court granted the estate's motion to dismiss, and this appeal followed.

On appeal, Poleson contends that the trial court erred in ruling that the nonclaim statute barred his legal malpractice claim against the estate. More specifically, Poleson contends that his claim did not arise until the appellate court ruled that he was subject to personal liability under the note drafted by Thomas. We disagree.

Pertinent to the issue before us are provisions of the nonclaim statute which provide that: (1) all claims against a decedent's estate which arose before the death of the decedent, and which are barred by publication, must be presented within the time set in the published notice to creditors, and—as to all creditors—must be presented within one year of the decedent's death; and (2) all claims against a decedent's estate which arose at or after the death of the decedent are barred unless presented within four months after the claim arises. Sections 15-12-803(1)(a) & (2)(b), C.R.S.1999.

■ Specifically included in the above provisions are contingent claims against an estate, for which the Colorado Probate Code provides an extensive statutory scheme. *See* §§ 15-12-803, 15-12-807, and 15-12-810, C.R.S.1999. A contingent claim for purposes of the nonclaim statute is one in which liability depends on some future event, which may or may not happen, and which makes it uncertain whether there will ever be liability. *Security Savings & Loan Ass'n v. Estate of Kite,* 857 P.2d 430 (Colo.App.1992), *overruled on other grounds, In re Estate of Hall,* 948 P.2d 539 (Colo.1997).

■ Compliance with the time limits for presentation of a claim is jurisdictional and is a condition precedent to the enforcement of a right of action. *In re Estate of Dire,* 851 P.2d 271 (Colo.App.1993). Failure to comply with the limits set forth in the statute, which supersede all statutes of limitation that might otherwise be applicable, bars the claims asserted. *In re Estate of Randall,* 166 Colo. 1, 441 P.2d 153 (1968); *see also In re Estate of Scott,* 735 P.2d 924 (Colo.App.1986).

■ Citing numerous cases, Poleson argues that a determination when a claim for legal malpractice arises under the nonclaim statute should be resolved by reliance on cases determining when a claim for legal malpractice arises under a statute of limitation. *See e.g. Commercial Union Ins. Co. v. Lewis and Roca,* 183 Ariz. 250, 902 P.2d 1354 (1995). Poleson's argument rests on the premise that we must look to the date upon which an actual claim for legal malpractice accrues rather than, as here, a contingent claim cognizable under the probate code. We are not persuaded.

■ The Colorado Probate Code must be liberally construed to promote its underlying purposes and policies, one of which is the speedy and efficient settlement of estates and their distribution to successors. Sections 15-10-102(1) & (2)(c), C.R.S.1999; *In re Estate of Dire, supra.* Construction of the nonclaim provisions to bar claims not timely presented is consistent with this policy. In contrast, the construction advocated by Poleson would undermine the basic policy of speedy and efficient distribution of estates and of preserving the finality of the distributions. *See Strong Brothers Enterprises, Inc. v. Estate of Strong,* 666 P.2d 1109 (Colo.App. 1983).

■■ The time when a plaintiff discovered, or through the use of reasonable diligence should have discovered, the negligent conduct which could lead to a contingent claim is normally a question which must be resolved by the trier of fact. However, where the undisputed facts clearly show that a plaintiff discovered or reasonably should have discovered the conduct that could be the basis for a contingent claim as of a particular date, the issue may be decided as a matter of law. *Morris v. Geer,* 720 P.2d 994 (Colo.App. 1986).

■ Here, the undisputed facts establish that in March 1996, prior to Thomas' death, HTL asserted its belief that Poleson had personal liability under the promissory note and, also, that Poleson personally responded with a written denial of such liability. In March 1997, after Thomas' death, HTL brought suit against Poleson challenging his interpretation of the note and ultimately seeking a judgment based upon his personal liability under the note. Poleson's March 12, 1997, letter in response indicates that he engaged additional counsel as a result of HTL's suit specifically because of a potential claim for legal malpractice against the estate. These facts support a conclusion that Poleson knew, or should have known, that he might suffer damage stemming from Thomas' conduct in drafting the promissory note when he was required to respond to HTL's suit and

incurred financial obligations to hire an additional attorney specifically to pursue a legal malpractice claim. *See Morris v. Geer, supra*; *In re Estate of Scott, supra*. Consequently, his contingent claim against the estate arose at that time, and he was required by statute to present it within four months, thereby preserving it while allowing for effective administration of the estate. *See* § 15–12–803(2)(b); *Powers Boulevard Associates Ltd. v. Estate of Reel*, 839 P.2d 516 (Colo.App.1992). He did not do so. Instead he presented his claim in the form of an action against the estate more than a year later on July 7, 1998.

Accordingly, because we agree with the trial court's conclusion that Poleson's claim was untimely, we conclude that it did not err in dismissing the claim for lack of subject matter jurisdiction under the nonclaim statute.

The judgment is affirmed.

Judge JONES and Judge TAUBMAN concur.