23CA1532 Reistad v Burman 07-11-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1532 Weld County District Court No. 23CV30277 Honorable Todd Taylor, Judge Reistad Consult AS, a Norwegian Registered Company, Plaintiff-Appellant, v. Dale N. Burman; Loretta M. Burman; Melanie Anne Martin f/k/a Melanie Anne Luark; Ivan D. Ansel; Kim M. Ansel; and PDC Energy, Inc., a Delaware corporation, Defendants-Appellees. JUDGMENT AFFIRMED Division V Opinion by JUDGE BROWN Harris and Lum, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 11, 2024 Glade Voogt Lopez Smith Felser PC, Herbet A. Delap, Andrew J. Felser, Denver, Colorado, for Plaintiff-Appellant Coan, Payton & Payne, LCC, Brett Payton, Greeley, Colorado, for Defendants-
Appellees Dale N. Burman and Loretta M. Burman Root Law, LLC, John D. Root, Fort Collins, Colorado, for Defendant-Appellee Melanie Anne Martin f/k/a Melanie Anne Luark Lawrence Custer Grasmick Jones & Donovan LLP, Jacklyn Patricia Gunn, Richard LiPuma, Johnstown, Colorado, for Defendants-Appellees Ivan D. Ansel and Kim M. Ansel 
 Davis Graham & Stubbs LLP, James R. Henderson, Denver, Colorado, for Defendant-Appellee PDC Energy, Inc., a Delaware corporation 
1 ¶ 1 Plaintiff, Reistad Consult AS (Reistad), appeals the district court’s judgment dismissing its complaint against defendants, Dale N. Burman, Loretta M. Burman, Melanie Anne Martin f/k/a Melanie Anne Luark, Ivan D. Ansel, Kim M. Ansel (collectively, the landowners), and PDC Energy, Inc. (PDC). We affirm. I. Factual Background ¶ 2 In 1980, Ole Reistad Jr. (Reistad Jr.) entered into an oil and gas lease agreement with PDC’s predecessor, granting it exclusive rights to explore and develop the minerals under Reistad Jr.’s eighty-five-acre property in Weld County, Colorado. ¶ 3 On June 30, 1995, Reistad Jr. conveyed his property to Dale and Loretta Burman. Although the Burmans and Reistad Jr. initially signed contract documents that specified “NO oil, gas or mineral rights are to be conveyed with the property,” the deed Reistad Jr. ultimately executed (through an attorney-in-fact) and recorded did not include a reservation of the mineral rights. ¶ 4 In 1999, the Burmans subdivided the property. The Burmans then conveyed five separate lots to Luark,
1 the Ansels, and three 1 Like the parties, we refer to Melanie Anne Martin f/k/a Melanie Anne Luark as Luark. 
2 other grantees who are not parties to the appeal. None of the deeds conveying property from the Burmans to any subsequent purchaser reserved any mineral rights to Reistad Jr. ¶ 5 Even though the deed conveying the property to the Burmans did not reserve any interest in the mineral estate, Reistad Jr. received royalty payments from PDC and its predecessor until his death in 2018. After Reistad Jr.’s death, his successor-in-interest — Reistad — continued to receive royalty payments from PDC until 2020, when a dispute arose as to who owned the mineral rights and PDC placed the royalties in suspense. II. Procedural Background ¶ 6 In 2023, Reistad filed a complaint asserting claims for declaratory judgment to reform the deed, breach of lease, and quiet title under C.R.C.P. 105. To justify reformation, Reistad alleged that the failure to reserve the mineral rights in the 1995 deed was the result of a mutual mistake resulting in a scrivener’s error because the contract evidenced the parties’ clear intent not to convey the mineral estate. ¶ 7 The Burmans filed a motion to dismiss for failure to state a claim under C.R.C.P. 12(b)(5). They argued that Reistad was bound 
3 by the terms of the deed. The district court denied the Burmans’ motion because the “complaint ma[d]e plausible allegations here that if proved to be true would support a finding of mutual mistake based on a scrivener’s error.” ¶ 8 Luark also filed a motion to dismiss under C.R.C.P. 12(b)(5), arguing that Reistad’s claims were time barred and that she and the other landowners besides the Burmans were bona fide purchasers for value without notice of any alleged defect in the original deed. The court granted Luark’s motion on both grounds and dismissed Reistad’s complaint with prejudice. The court also vacated its prior order denying the Burmans’ motion to dismiss and granted that motion for the same reasons. The court later confirmed that its order on Luark’s motion dismissed the entire complaint and thus resolved all claims against all remaining defendants. III. C.R.C.P. 12(b)(5) Dismissal ¶ 9 Reistad contends that the district court erred by dismissing the complaint because (1) the landowners could not raise affirmative defenses in a motion to dismiss; (2) its claims were timely asserted; (3) whether the landowners were considered bona fide purchasers against whom the claims could not survive was a 
4 factual dispute; and (4) the court did not address whether PDC breached the lease. We reject Reistad’s first two contentions and, consequently, need not address the third or fourth. A. Standard of Review ¶ 10 A motion to dismiss under C.R.C.P. 12(b)(5) for failure to state a claim upon which relief can be granted tests the formal sufficiency of the claim. Lavarato v. Branney, 210 P.3d 485, 488 (Colo. App. 2009). To survive such a motion, “a plaintiff must state a claim for relief that is plausible (not speculative) on its face.” Hess v. Hobart, 2020 COA 139M2, ¶ 11; see also Warne v. Hall, 2016 CO 50, ¶ 9. ¶ 11 We review de novo a trial court’s ruling on a C.R.C.P. 12(b)(5) motion to dismiss. Hess, ¶ 11. We apply the same standards as the trial court, accepting the factual allegations in the complaint as true and viewing those allegations in the light most favorable to the plaintiff. Id.; Patterson v. James, 2018 COA 173, ¶ 16. We need not accept as true legal conclusions couched as factual allegations. Woodall v. Godfrey, 2024 COA 42, ¶ 8. And we may consider only the facts that are alleged in the pleadings and any documents that are attached as exhibits or incorporated by reference. Hess, ¶ 11. 
5 B. C.R.C.P. 8(c) ¶ 12 Reistad first contends that the district court erred by granting the landowners’ motions to dismiss because affirmative defenses are governed by C.R.C.P. 8(c) and may not be raised in motions filed pursuant to C.R.C.P. 12(b)(5). We disagree. ¶ 13 True, an affirmative defense ordinarily must be raised in an answer to a complaint rather than in a motion to dismiss. Prospect Dev. Co. v. Holland & Knight, LLP, 2018 COA 107, ¶ 13; see C.R.C.P. 8(c) (requiring affirmative defenses to be raised in a responsive pleading); C.R.C.P. 12(b) (“Every defense, in law or in fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required,” except for the defenses listed in C.R.C.P. 12(b)(1)-(6), which do not include affirmative defenses.). This general rule exists because “a plaintiff has no obligation to anticipate an affirmative defense in the complaint and include allegations intended to negate it.” Bristol Bay Prods., LLC v. Lampack, 2013 CO 60, ¶ 41. ¶ 14 However, there is an exception to the general rule: an affirmative defense may be raised in a C.R.C.P. 12(b)(5) motion when it is clear from the bare allegations of the complaint that the 
6 affirmative defense applies. See id. at ¶¶ 44-45; Prospect Dev. Co., ¶ 14. This exception is consistent with the general rule because it does not require a plaintiff to anticipate an affirmative defense and plead facts to negate it but instead “merely permits a plaintiff to ‘plead itself out of court by alleging (and thus admitting) the ingredients of a defense.’” Prospect Dev. Co., ¶ 14 (quoting Bristol Bay Prods., ¶ 44). ¶ 15 For the reasons discussed below, it is clear from the bare allegations of the complaint that Reistad’s claims are barred by the statute of limitations. As a result, it was proper for the landowners to raise these affirmative defenses in their motions to dismiss. C. Statute of Limitations ¶ 16 Reistad contends that the district court erred by granting the landowners’ motions to dismiss because the statute of limitations did not begin to run until PDC ceased making royalty payments in 2020, which is when Reistad discovered the error in the deed. We disagree. ¶ 17 Equitable claims “are technically subject to an equitable laches rather than a legal statute of limitations analysis.” Interbank Invs., L.L.C. v. Vail Consol. Water Dist., 12 P.3d 1224, 1229-30 
7 (Colo. App. 2000). But absent extraordinary circumstances not present here, we apply the statute of limitations relating to similar actions at law. See id.; see also Sterenbuch v. Goss, 266 P.3d 428, 436-37 (Colo. App. 2011). A reformation claim, sounding in contract, is governed by a three-year statute of limitations.
2 See § 13-80-101(1)(a), C.R.S. 2023; see also Jackson v. Am. Fam. Mut. Ins. Co., 258 P.3d 328, 332-33 (Colo. App. 2011). ¶ 18 Whether a claim is time barred generally presents a question of fact, but we may decide the question as a matter of law when the material facts are undisputed and clearly show that the plaintiff had or should have had the requisite information as of a particular date. Wagner v. Grange Ins. Ass’n, 166 P.3d 304, 307 (Colo. App. 2007); see also § 13-80-108(1), C.R.S. 2023 (“[A] cause of action . . . shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence.”). ¶ 19 The district court determined that Reistad’s claims are time barred because Reistad Jr. was presumed to know the contents of 2 The parties do not dispute that the three-year statute of limitations applies to Reistad’s claims. 
8 the deed his attorney-in-fact signed, such that he knew or should have known of the failure to reserve the mineral interests in 1995. It also determined that Reistad had constructive notice of the unrestricted conveyance when the deed was recorded in the Weld County property records. See § 38-35-106(1), C.R.S. 2023 (“Any written instrument required or permitted to be acknowledged affecting title to real property, whether acknowledged, unacknowledged, or defectively acknowledged, after being recorded . . . shall be notice to all persons or classes of persons claiming any interest in said property.”). ¶ 20 Reistad argues that the court erred because, even if parties do not read a deed they signed, a court may reform the deed if it contains a mutual mistake of fact that does not express the parties’ true intent. See Dennett v. Mt. Harvard Dev. Co., 43 Colo. App. 422, 425, 604 P.2d 699, 701 (1979) (“If the description in the deed does not express the true intent of the parties, reformation is a proper remedy.”). Reistad further argues that, because the error arose from a mutual mistake and because Reistad continued to receive royalties until 2020, it had no reason to know of the error until royalty payments ceased. 
9 ¶ 21 Reistad is correct that a court may reform a deed to correct a mutual mistake. Id.; see also Md. Cas. Co. v. Buckeye Gas Prods. Co., 797 P.2d 11, 13 (Colo. 1990) (“Reformation of a written instrument is appropriate only when the instrument does not represent the true agreement of the parties and the purpose of reformation is to give effect to the parties’ actual intentions.”). But a claim for such relief is nonetheless subject to the statute of limitations, which accrues when a party knew of the error or should have known of the error by the exercise of reasonable diligence. See § 13-80-108(1); Skyland Metro. Dist. v. Mountain W. Enter., LLC, 184 P.3d 106, 127 (Colo. App. 2007) (a claim accrues when the claimant should know, in the exercise of reasonable diligence, all material facts relevant to the elements of a cause of action). ¶ 22 Parties are presumed to know the contents of the documents they sign. Bell v. Land Title Guarantee Co., 2018 COA 70, ¶ 12; People v. Madison, 176 P.3d 793, 805 (Colo. App. 2007). So if there is an error in a signed document, a party is presumed to know of the error upon execution. In other words, the party knew or — at a minimum — should have known, in the exercise of reasonable diligence, of the error at that time. See Skyland Metro Dist., 184 
10 P.3d at 127. As a result, the statute of limitations on a claim for reformation of a deed on the ground that it does not accurately reflect the parties’ agreement accrues on the date the deed is signed. ¶ 23 In Bell, ¶ 4, the Bells sold real property pursuant to a contract that excluded “all oil, gas, and mineral rights in the property.” The title company who prepared the deed, however, did not include language reserving the mineral estate to the Bells. Id. at ¶ 3. For over nine years, the Bells continued to receive royalty payments under an oil and gas lease on the property. Id. at ¶ 4. But when the lessee oil and gas company learned that the Bells no longer owned the mineral rights to the property, it began sending the royalty payments to the buyer. Id. The Bells sued the title company for negligence and breach of contract. Id. at ¶ 5. ¶ 24 The district court dismissed the Bells’ complaint as time barred, relying on the legal principle that one who signs a document is presumed to know its contents to conclude that the Bells should have known of the defect in the deed, in the exercise of reasonable diligence, upon execution. Id. at ¶ 12. A division of this court reversed, concluding that the presumed-to-know principle did not 
11 conclusively establish the accrual date for negligence or breach of contract claims. Id. at ¶¶ 16-18. In so doing, the division reiterated the applicability of the presumed-to-know principle to claims seeking to avoid the effect of the executed document “to preserve the integrity and sanctity of written documents.” Id. at ¶ 15. The division explained that “if this case involved simply the Bells’ failure to read an easily understood deed and the Bells were asking to rescind it to recover their mineral rights, the presumed-to-know principle would undoubtedly apply.” Id. at ¶ 17. ¶ 25 Reistad did not assert claims for negligence or breach of contract against any third party involved in preparing the deed. Instead, Reistad seeks to avoid the effect of the deed itself. Thus, the presumed-to-know principle applies to determine when its cause of action accrued. See id. at ¶17. ¶ 26 “It is well established that a conveyance of land by general description, without any reservation of a mineral interest, passes title to both the land and the underlying mineral deposits.” O’Brien v. Vill. Land Co., 794 P.2d 246, 249 (Colo. 1990). And it is undisputed that the 1995 deed did not reserve any mineral interests to Reistad Jr. 
12 ¶ 27 Reistad Jr.’s attorney-in-fact signed the deed on his behalf. The attorney-in-fact is presumed to have read the deed and to have known, in the exercise of reasonable diligence, that it did not reserve the mineral estate to Reistad Jr. The attorney-in-fact’s knowledge was imputed to Reistad Jr. See Moffett v. Life Care Ctrs. of Am., 187 P.3d 1140, 1144 (Colo. App. 2008) (“[E]xecution of a power of attorney creates a principal-agent relationship.”), aff’d, 219 P.3d 1068 (Colo. 2009); Stortroen v. Beneficial Fin. Co. of Colo., 736 P.2d 391, 396 (Colo. 1987) (“Notice to an agent given in the course of a transaction which is within the scope of the agency is notice to the principal.”).
3 And as Reistad Jr.’s successor, Reistad can assert no greater rights than Reistad Jr. Cf. Tivoli Ventures, Inc. v. Bumann, 870 P.2d 1244, 1248 (Colo. 1994) (“[A]n assignee stands in the shoes of the assignor” and “has the same rights as the assignor in determining whether a claim is barred by the statute of limitations.”). ¶ 28 Consequently, the statute of limitations on Reistad’s cause of action for reformation began to run in 1995 when the deed was 3 Reistad has not argued that Reistad Jr.’s attorney-in-fact acted outside the scope of the principal-agent relationship. 
13 executed.
4 Reistad filed its complaint in April 2023 — almost twenty-eight years later. Therefore, Reistad’s claim for reformation of the deed is untimely. See § 13-80-101(1)(a). ¶ 29 Still, relying on In re Estate of Scott, 735 P.2d 924, 925-27 (Colo. App. 1986), Reistad argues that it had no reason to question the language of the deed until it stopped receiving royalty payments. In Scott, a deed conveying property from the decedent’s estate contained a mistake in the legal description. Id. at 925. The grantees filed claims against the estate, seeking to reform the deeds, but the estate argued that section 15-12-803(2)(a), C.R.S. 2023, a nonclaim statute that bars any claim against a decedent’s estate if not brought within four months after it arises, barred the action. Id. at 925-26. ¶ 30 The division did not identify an applicable statute of limitations, resting its analysis on laches alone. Id. at 926. It 4 At oral argument, Reistad’s counsel argued for the first time that Reistad should have had an opportunity to explore facts regarding equitable tolling of the statute of limitations. But because Reistad did not raise this argument below, we do not address it. See Giguere v. SJS Fam. Enters., Ltd., 155 P.3d 462, 470 (Colo. App. 2006) (we do not address arguments raised for the first time on appeal). 
14 explained that laches typically “cannot be imputed to one who has the right to the relief, until he discovers the fraud or mistake upon which his claim is based, and has a reasonable time thereafter within which to seek relief.” Id. It noted that in “certain situations” a party to an instrument is not required to assert their right to reformation until such time as the assertion of an adverse claim arises. Id. ¶ 31 Because the nonclaim statute’s “time is so short and the bar of the statute absolute,” the division reasoned that it “must be strictly construed in favor of permitting consideration of all legitimate claims.” Id. Under the circumstances presented, the division held that “the performance due by the personal representative was not the original issuance of the deeds, but rather, it was the duty to reform the deeds, or otherwise correct the error, upon discovery of the mutual mistake” and that the claim did not arise until the mistake was discovered, less than four months before the claim was filed. Id. at 927. ¶ 32 We are not bound by Scott, see Chavez v. Chavez, 2020 COA 70, ¶ 13 (“[D]ivisions are not bound by the decisions of other divisions . . . .”), and we are not persuaded that it controls our 
15 disposition. Reistad’s claim is not governed by a four-month nonclaim statute; we have identified an applicable three-year statute of limitations. We are not concerned with the same brevity and absoluteness the Scott division was. And Scott did not tackle the presumed-to-know principle or whether under that principle a party should know, in the exercise of reasonable diligence, of a patent error in a deed.
5 ¶ 33 In the end, we conclude that Reistad’s claim for reformation of the deed is time barred. Because Reistad’s remaining claims — for PDC’s breach of lease for failing to pay it royalties as the owner of the mineral interest and to quiet title to the mineral estate in itself
6 — only succeed if the deed is reformed to reserve the mineral estate to Reistad Jr., they necessarily fail. And because of our disposition, 5 It is worth noting that the grantees in Scott made the claim against the estate within three years of deed execution. See In re Estate of Scott, 735 P.2d 924, 927 (Colo. App. 1986) (the deeds were executed February 17 and June 9, 1982, and the claim was brought September 11, 1984). 6 At oral arguments, Reistad’s counsel argued that its quiet title claim required the district court to adjudicate every party’s relative interest in the mineral estate, even if Reistad was determined to have no interest, and that the court failed to do so. But because Reistad did not raise this argument below, we do not address it. See Giguere, 155 P.3d at 470. 
16 we need not decide whether the district court also properly dismissed Reistad’s complaint against the landowners other than the Burmans because they were bona fide purchasers for value. IV. Remaining Contentions A. District Court’s Discretion to Revisit Prior Rulings ¶ 34 Reistad contends that the district court erred by reinstating the Burmans’ motion to dismiss and then granting it. We disagree. ¶ 35 “In general, ‘[e]very ruling or order made in the progress of an on-going proceeding may be rescinded or modified during that proceeding upon proper grounds.’” S. Cross Ranches, LLC v. JBC Agric. Mgmt., LLC, 2019 COA 58, ¶ 43 (quoting Broyles v. Fort Lyon Canal Co., 695 P.2d 1136, 1144 (Colo. 1985)); see C.R.C.P. 54(b) (Any order not made final “is subject to revision at any time before the entry of judgment adjudicating all the claims . . . .”). A trial court’s action in doing so must “be within the bounds of discretion.” S. Cross Ranches, LLC, ¶ 44. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law. People v. Johnson, 2021 CO 35, ¶ 16. ¶ 36 Here, the district court explained that it vacated its prior order denying the Burmans’ motion to dismiss for the reasons set forth in 
17 the order granting Luark’s motion to dismiss, which included that Reistad’s claims were barred by the statute of limitations. Cf. S. Cross Ranches, LLC, ¶¶ 46-48 (trial court abused its discretion when it gave an inconsistent ruling without explanation and its second order did not mention the first order). We perceive no abuse of discretion. B. C.R.C.P. 54(b) Certification ¶ 37 Finally, Reistad claims that the district court erred by denying its motion for certification of final judgment pursuant to C.R.C.P. 54(b) because its claim against PDC to recover royalties was not addressed in the court’s order granting Luark’s motion to dismiss. We disagree. ¶ 38 C.R.C.P. 54(b) creates an exception to the general requirement that an entire case must be resolved by a final judgment before an appeal may be brought. Colo. Cmty. Bank v. Hoffman, 2013 COA 146, ¶ 18. Certification of a final judgment under C.R.C.P. 54(b) is only necessary when more than one claim for relief is presented in an action, or when multiple parties are involved and claims or counterclaims remain unresolved. Bd. of Cnty. Comm’rs v. Roberts, 159 P.3d 800, 810 (Colo. App. 2006). When a judgment resolves all 
18 claims and counterclaims, the judgment is final and there is no need for certification under C.R.C.P. 54(b). Id. ¶ 39 Because the court expressly dismissed Reistad’s entire complaint with prejudice when it ruled on Luark’s motion to dismiss, no claims remained unresolved and C.R.C.P. 54(b) certification was not necessary. V. Disposition ¶ 40 We affirm the district court’s judgment. JUDGE HARRIS and JUDGE LUM concur.